IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**LAURIE TODD** **PLAINTIFF**

**V.** **NO. 3:26-CV-237-DMB-JMV**

**FORWARD AIR LOGISTICS SERVICES, LLC; PHILLIP BANAYOS; and JOHN DOES 1-5** **DEFENDANTS**

**ORDER DISMISSING CASE**

On August 18, 2026, Laurie Todd filed a complaint in the United States District Court for the Northern District of Mississippi against Forward Air Logistics Services, LLC; Phillip Banayos; and John Does 1-5, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332. Doc. #1. The next day, explaining that Todd's "complaint fail[ed] to distinctly and affirmatively allege Forward Air[ Logistics'] citizenship because it fail[ed] to identify Forward Air[ Logistics'] members and the citizenship of each,"[1] the Court required Todd, "no later than September 2, 2026, … to **SHOW CAUSE** why this case should not be dismissed for lack of diversity jurisdiction, or [to] amend the jurisdictional allegations of the complaint pursuant to 28 U.S.C. § 1653 to properly establish diversity jurisdiction." Doc. #3 at 2.

On August 20, Todd filed an amended complaint. Doc. #4. The same day, due to the insufficiency of the amended complaint's negative and indistinct allegations regarding the citizenship of Forward Air Logistics' four identified members (including the citizenship allegations of Forward Air Logistics' members as a group),[2] the Court issued a second show cause

---

[1] The complaint alleged that Todd is a citizen of Nevada; Forward Air Logistics "is upon information and belief, a Michigan limited liability company, with its principal place of business located [in] Texas;" Banayos is a citizen of Florida; and the amount in controversy exceeded $75,000. Doc. #1 at 1, 2.

[2] The amended complaint alleged, among other things, that "Forward Air Logistics … is upon information and belief, a Michigan limited liability company;" "[u]pon information and belief, the members of Forward Air Logistics … are

order, requiring that "no later than August 27, 2026, … Todd must **SHOW CAUSE** why this case should not be dismissed for lack of diversity jurisdiction, or may amend the jurisdictional allegations of the complaint pursuant to 28 U.S.C. § 1653 to properly establish diversity jurisdiction." Doc. #5 at 3. The second show cause order warned that "[f]ailure to properly establish diversity jurisdiction will result in dismissal of this case without prejudice and without further notice." *Id.*

On August 21, Todd filed a second amended complaint. Doc. #6. Three days later, the Court issued a third show cause order requiring that "no later than August 31, 2026, Todd … either must **SHOW CAUSE** why this case should not be dismissed for lack of diversity jurisdiction, or may amend the jurisdictional allegations of the complaint pursuant to 28 U.S.C. § 1653 to properly establish diversity jurisdiction."[3] Doc. #7 at 4–5. The third show cause order specified, "Since this is the third opportunity the Court provided Todd to properly establish diversity jurisdiction, and the Court previously warned Todd of the consequences if she fails to properly allege diversity jurisdiction, if Todd files a third amended complaint and does not sufficiently establish diversity jurisdiction by the August 31 deadline, this case will be dismissed without prejudice without further notice." *Id.* at 5.

Because Todd failed to response to the Court's third show cause order and did not file a

… Matthew J. Jewell[,] Rebecca J. Garbrick[,] Michael L. Hance[, and] Thomas Schmitt;" and "[u]pon information and belief, none of the members of Forward Air Logistics … are residents/citizens of the state of Mississippi." Doc. #4 at 1–2.

[3] "[T]he second amended complaint (1) does not identify all of Clue Opco, LLC's members or sub-members; (2) except for possibly Forward Air Corporation, does not specify which of Clue Opco, LLC's members and sub-members are citizens of which of the numerous states or foreign regions/countries it lists; (3) does not identify the sub-members of Clue Opco, LLC's members; (4) contains negative allegations of citizenship; (5) suggests that each individual who is a member of Clue Opco, LLC, is a citizen of more than one state; (6) indicates there are members and/or sub-members of Clue Opco, LLC, whose citizenship has not been considered; (7) vaguely and indistinctly lumps together the citizenships of 'other members and sub-members' of Clue Opco, LLC; and (8) may have impermissibly conflated ownership with membership by referencing Forward Air Logistics' 'parent corporation' and that Clue Opco, LLC 'is majority owned and managed by Forward Air Corporation.'" Doc #7 at 1, 2 (footnotes omitted).

third amended complaint, much less one properly alleging diversity jurisdiction, this case is **DISMISSED without prejudice** for lack of subject matter jurisdiction.

**SO ORDERED**, this 3rd day of September, 2026.

**/s/Debra M. Brown**
**UNITED STATES DISTRICT JUDGE**